1  ARCH Y. STOKES, Georgia State Bar No. 683100
   astokes@sheastokes.com
2  SHEA STOKES, ALC
   3593 Hemphill Street
3  College Park, GA 30337
   TELEPHONE:     (404)766-0076
4  FACSIMILE:     (404)766-8823

5

6  PETER B. MARETZ, California State Bar No. 144826
   pmaretz@sheastokes.com
   SHEA STOKES, ALC
7  510 MARKET STREET, THIRD FLOOR
   SAN DIEGO, CALIFORNIA 92101-7025
8  TELEPHONE:     (619) 232-4261
   FACSIMILE:     (619) 232-4840
9

10 Attorneys for Four Seasons Hotels Limited, a Canadian company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENIGNO BACOLORES, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FOUR SEASONS HOTELS LIMITED, a Canadian company doing business in California, and Does 1-100, inclusive,<br><br>Defendant. | CASE NO. C07 5592<br><br>(San Francisco Superior Court Case No. CGC-07-467485)<br><br>NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT<br><br>[28 U.S.C. §§ 1332(a), 1332(d), 1441(b), and 1446]<br><br>ACCOMPANYING PLEADINGS: CIVIL CASE COVER SHEET; CERTIFICATE OF INTERESTED PARTIES OR PERSONS; DECLARATIONS OF PETER B. MARETZ, LYNNE MOORHEAD, AND SAMANTHA WALDER,<br><br>Action Filed September 21, 2007 |

/ / /

/ / /

/ / /

/ / /

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

1  TO THE CLERK OF THE ABOVE TITLED COURT AND PLAINTIFF BENIGNO
2  BACOLORES AND HIS ATTORNEYS OF RECORD:
3  PLEASE TAKE NOTICE that Defendant FOUR SEASONS HOTELS LIMITED
4  (hereinafter "Four Seasons" or "Defendant") hereby effects the removal of the below referenced
5  action from the Superior Court in the State of California for the County of San Francisco to the
6  United States District Court for the Northern District of California.
7  Removal is based on 28 U.S.C. sections 1332 (a), 1332(d) (the Class Action Fairness Act),
8  1441(b), and 1446 on the following grounds:

## STATEMENT OF JURISDICTION

11  1.  This Court has original jurisdiction over this action based upon diversity
12  jurisdiction, 28 U.S.C. section 1332(a)(2), in that the matter in controversy exceeds the sum of
13  $75,000, exclusive of interest and costs, and the action is between a citizen of a State and a citizen
14  or subject of a foreign state.  Furthermore, this Court has original jurisdiction under the Class
15  Action Fairness Act of 2005 (the "Act"), which was enacted on February 18, 2005. *See* 28 U.S.C.
16  section 1332(d).  In relevant part, the Act grants district courts original jurisdiction over civil class
17  actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a
18  state different from any defendant and where the amount in controversy for the putative class
19  members in the aggregate exceeds the sum of $5,000,000.00, exclusive of interest and costs.  The
20  Act authorizes removal of such actions pursuant to 28 U.S.C. section 1446.  As set forth below,
21  this case meets all of the Act's requirements for removal insofar as the named plaintiff (and likely
22  the vast majority of putative class members) are citizens of the State of California, and the lone
23  defendant is a citizen of Canada; the potential amount in controversy exceeds $5,000,000 in the
24  aggregate exclusive of interest and cost; and removal is timely and proper by filing of this Notice.
25  / / /
26  / / /
27  / / /
28  / / /

-2-  NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

## PLEADINGS, PROCESS, AND ORDERS

2. On or about September 21, 2007, Plaintiff Benigno Bacolores ("Plaintiff") filed an original complaint in the Superior Court of California in and for the County of San Francisco, *Bengino Bacolores, on behalf of himself and all others similarly situated v. Four Seasons Hotels Limited, a Canadian company doing business in California and Does 1-100, inclusive,* case number CGC-07-467485 (hereinafter "the Complaint"). Plaintiff alleges that he and the members of the putative class are current and/or former employees of Four Seasons Hotels Limited in the State of California as Hotel Employees (hereinafter collectively referred to as "Hotel Employees").

3. Plaintiff's Complaint asserts six (6) causes of action for (1) Failure to Pay Wages; (2) Failure to Provide Rest Periods or Compensation in Lieu Thereof; (3) Failure to Provide Meal Periods or Compensation in Lieu Thereof; (4) Failure to Pay Wages of Terminated or Resigned Employees; (5) Knowing and Intentional Failure to Comply With Itemized Employee Wage Statement Provisions; and, (6) Violations of the Unfair Competition Law.

4. A copy of the Complaint, Summons, Civil Case Cover Sheet and Proof of Service of Summons was delivered to Four Seasons' Agent for Service of Process, CT Corporation System, on or about October 4, 2007. True and correct copies of the documents served to date on Defendant, including the Complaint, Summons, and Civil Case Cover Sheet are attached as Exhibit A to the Declaration of Peter B. Maretz.

5. No further proceedings have been had in the Superior Court for the County of San Francisco.

## JURISDICTION PURSUANT TO 28 U.S.C. SECTION 1332(a)

6. Plaintiff is a resident of the State of California. Complaint, ¶7. Plaintiff, therefore, is a citizen of the State of California. *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *State Farm Mut. Auto Ins. Co v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile for purposes of determining citizenship).

7. At the time of the filing of the State Court action, Four Seasons was and remains

incorporated in the nation of Canada. (Declaration of Lynne Moorhead, ¶ 2.) Four Seasons principal place of business is in Toronto, Ontario, Canada. *Id.* Four Seasons, therefore, is not a citizen of the State of California but, rather, is a citizen of Canada for purposes of determining diversity of citizenship. *See, e.g., JP Morgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.* 536 U.S. 88, 91-91 (2002)("A corporation of a foreign State is, for purposes of jurisdiction in the courts of the United States, to be deemed, constructively, a citizen or subject of such State.").

8. Defendants Doe 1 through 100, inclusive, are fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegations against any fictitious defendants. Pursuant to Section 1441, the citizenship of defendants sued under fictitious must be disregarded for the purpose of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

9. Plaintiff's Complaint is silent as to the total amount in controversy. The failure of the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff, however, does not deprive this Court of jurisdiction. (*See White v. J.C. Penny Life Ins. Co.*, 861 F.Supp. 25, 26(S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of Plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal by simply by declining . . . to place a specific dollar claim upon its claim.")) Defendant need only establish by a *preponderance of evidence* that Plaintiff's claims exceed the jurisdictional minimum. (*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).)

10. Plaintiff alleges that Four Seasons "had a ***consistent policy*** of requiring Four Seasons Non-Exempt Employees within the State of California, including Plaintiff, to work through rest periods," and "a ***consistent policy*** of requiring Four Seasons Non-Exempt Employees within the State of California, including Plaintiff, to work through meal periods, . . . failing to pay such employees one (1) hour of pay at the employees [sic] regular rate of compensation for each workday" that the meal and/or rest period was not provided. (Complaint, ¶¶ 2,3 (emphasis added).) Plaintiff further alleges that Four Seasons failed to timely pay wages due at termination

thereby incurring a waiting penalty pursuant to California Labor Code section 203. (Complaint, ¶¶ 49-52.) Plaintiff alleges he and the members of the Class were required to work off the clock without compensation. (Complaint, ¶¶ 38-40.) Finally, Plaintiff alleges Four Seasons "knowingly and intentionally failed to comply with [California] Labor Code §226(a) on *each and every* wage statement that should have been provided to Plaintiff and members of the proposed Class." (Complaint, ¶ 55 (emphasis added).) Plaintiff asserts the relevant time period covering the claims at issue in this case is the four-year period immediately preceding the filing of the State Court action on September 21, 2007. (Complaint ¶ 2.)

11. First and foremost, Four Seasons vehemently denies these allegations and Plaintiff's claims for relief. However, assuming, *arguendo*, the truth of the factual allegations in Plaintiff's Complaint, the total amount of wages, penalties, attorneys' fees, and other monetary relief at issue in this action is in excess of this Court's jurisdictional minimum. (*Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (facts presented in notice of removal, combined with plaintiff's allegations, sufficient to support finding that jurisdictional limits satisfied).)

12. Plaintiff was employed at the Four Seasons Hotel Los Angeles at Beverly Hills (hereafter "FSLA") starting April 3, 1987, until his termination on June 22, 2007. His wage rate as of his termination was $17.35 per hour and he regularly worked five shifts of eight hours per week. (Declaration of Samantha Walder, ¶ 5.) Assuming the truth of the allegation of a "consistent policy" of denying rest periods and meal breaks, Plaintiff demands an hour of compensation for each day for missed rest periods and an hour of compensation for each day for missed meal breaks. At $17.35 per hour, 240 work days per year, and Plaintiff having worked approximately 3.5 years of the liability period, Plaintiff demands amount to approximately $29,148 for missed meal and rest periods. (*See id.*) He demands a 30-day waiting penalty amounting to $4,164.00. He demands a penalty pursuant to California Labor Code section 226, capped at $4,000. He demands compensation for unpaid overtime for working off the clock. This is impossible to calculate with specificity, but based on his tenure and wage rate, it is unlikely his demand for this item will be less than $35,000. If, however, it is, Plaintiff seeks recovery of attorney's fees pursuant to statute. For purposes of determining diversity, the amount in

controversy "includes claims for attorneys fees, if recoverable by statute or contract." (*Galt vG/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998); *Conrad Associates. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D.Cal. 1998).) Even assuming the fees are one third of the demand, the amount in controversy on Plaintiff's claims approaches $100,000, but certainly in excess of $75,000. (*See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996); *Hunt v. Washington State Apple Advertising Comm'n* 432 U.S. 333, 347-348 (1977) (amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action.).) The claim for attorney's fees will more than likely make up any shortfall.

### JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

13.    Section 4 of the Class Action Fairness Act of 2005, 28 U.S.C. section 1332(d)(2),[1] as amended, provides in relevant part as follows:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . .
>
>     (A)    any member of a class of plaintiffs is a citizen of a State different from any defendant.

14.    This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d) and one that may be removed to this Court by Defendant pursuant to 28 U.S.C. sections 1441 (b), 1446 and 1453(b).

15.    This action has been styled as a class action, presumably pursuant to California Code of Civil Procedure section 382. (Complaint, ¶1.) California Code of Civil Procedure section 382 is a state statute authorizing an action to be brought by one or more representative persons as a class action.

16.    As is made clear above, Plaintiff is a citizen of the State of California. Plaintiff

---

[1] While there are a number of exceptions to this new rule of original jurisdiction contained in amended 28 U.S.C. section 1332(d)(3)-(5), none of them are applicable to the instant action.

seeks to represent current and former employees of Four Seasons throughout the State of California within the four years preceding the filing of the Complaint. (Complaint, ¶24.) With Four Seasons being a citizen of Canada, there is diversity of citizenship under 28 U.S.C. section 1332(d)(2)(A).

17. Notwithstanding Plaintiff's failure to allege the total amount of monetary relief claimed, the Class Action Fairness Act authorizes the removal of class actions in which the amount in controversy for all class members exceeds five million dollars ($5,000,000.00). *See,* 28 U.S.C. § 1332(d). Again, while Four Seasons strenuously denies Plaintiff's claims and his requests for relief thereon, the factual allegations in Plaintiff's Complaint and the total amount of wages, penalties, interest, attorneys' fees, and other monetary relief at issue in this action is in excess of this Court's jurisdictional minimum. (*Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (facts presented in notice of removal, combined with plaintiff's allegations, sufficient to support finding that jurisdictional limits satisfied).)

18. As of the filing of the State Court complaint, there were approximately 500 full-time hourly non-exempt employees at FSLA. (Walder Decl., ¶ 4.) The number of employees at FSLA has stayed generally consistent throughout the alleged liability period. (*Id.*) Applying the same analysis to each of the putative class members' claims as is applied above to Plaintiff's claims, it is clear that the aggregate class demand will exceed $5,000,000.00.

19. Accordingly, under the Class Action Fairness Act, Plaintiff's claims for damages, penalties, attorney's fees, and other monetary relief exceed the $5,000,000.00 jurisdictional limit of this Court, as required by 28 U.S.C. section 1332(d).

20. Furthermore, Plaintiff previously submitted a claim to the California Division of Labor Standards Enforcement for some, but not all of the amounts sought herein. (*See* Exhibit B to the Declaration of Peter B. Maretz.) Plaintiff itemized his demand for missed meal breaks and rest periods, and waiting time at $18,477.75. This is *exclusive* of claims for failure to provide itemized statements, failure to compensate for time worked off the clock, and attorney's fees. It is safe to assume Plaintiff's claims in this litigation will exceed this amount. Assuming the truth of the allegations in the Complaint that the other putative Class members are similarly situated to

Plaintiff, the aggregate claims of the putative Class members as potentially 500 times $18,000.00 -- an amount in excess of $5,000,000.00.

21. The preponderance of the evidence is that the amount sought by the facial allegations of Plaintiff's Complaint is greater than the jurisdictional limit of this Court, as required by 28 U.S.C. section 1332(d).

22. As a result, although Four Seasons denies Plaintiff's claims and his requests for relief thereon, based upon the facial allegations in Plaintiff's Complaint and assuming, *arguendo*, Plaintiff were able to prove these allegations, the total amount of monetary relief sought by Plaintiff and the other putative class members is in excess of $5,000,000.00, exclusive of interest and costs. Removal of this action under the Act, thus is appropriate. (28 U.S.C. section 1453(b).)

## TIMELINESS OF REMOVAL

23. This Notice of Removal is timely in that it has been filed within thirty (30) days of Four Seasons' first receipt of the Summons and Complaint, on or about October 5, 2007, and within one year of the filing of the Complaint on September 21, 2007.

24. The Class Action Fairness Act applies to actions that were "commenced" on or after February 18, 2005. Because this action was filed on September 21, 2007, it was "commenced" on or after February 18, 2005, as required by the Act.

25. Removal is proper under the Act.

///
///
///
///
///
///
///
///

## NOTICE TO PLAINTIFF

26. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be served on Plaintiff's counsel of record: George R Kingsley and Eric B. Kingsley of Kingsley & Kingsley, Jose R. Garay of Jose Garay, APLC, and Roger R. Carter and Bianca A. Sofonio of The Carter Law Firm. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of San Francisco, California.

WHEREFORE, having provided notice as required by law, the above-entitled action should be removed from the Superior Court for the County of San Francisco to this Court

DATED: November 2, 2007

SHEA STOKES, ALC

By: _____
Arch Y Stokes
Peter B. Maretz
Attorneys for Four Seasons Hotels Limited, a Canadian company