1  ARCH Y. STOKES, Georgia State Bar No. 683100
   astokes@sheastokes.com
2  SHEA STOKES, ALC
   3593 Hemphill Street
3  College Park, GA 30337
   TELEPHONE:       (404)766-0076
4  FACSIMILE:       (404)766-8823

5
   PETER B. MARETZ, California State Bar No. 144826
6  pmaretz@sheastokes.com
   SHEA STOKES, ALC
7  510 MARKET STREET, THIRD FLOOR
   SAN DIEGO, CALIFORNIA 92101-7025
8  TELEPHONE:       (619) 232-4261
   FACSIMILE:       (619) 232-4840
9

10  Attorneys for Four Seasons Hotels Limited, a Canadian company

11

12                UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14

15  BENIGNO BACOLORES, on behalf of      CASE NO.
    himself and all others similarly situated,
16                                        (San Francisco Superior Court Case No. CGC-
             Plaintiff,                    07-467485)
17
    v.                                    DECLARATION OF PETER B. MARETZ IN
18                                        SUPPORT OF REMOVAL OF CIVIL
    FOUR SEASONS HOTELS LIMITED, a        ACTION FROM STATE COURT
19  Canadian company doing business in
    California, and Does 1-100, inclusive,  [28 USC §§ 1332(a), 1332(d), 1441(b), and
20                                        1446]
             Defendant.
21                                        ACCOMPANYING PLEADINGS:
                                          CIVIL CASE COVER SHEET;
22                                        CERTIFICATE OF INTERESTED PARTIES
                                          OF PERSONS; NOTICE TO FEDERAL
23                                        COURT OF REMOVAL OF CIVIL ACTION
                                          FROM STATE COURT; DECLARATIONS
24                                        OF LYNNE MOORHEAD, AND
                                          SAMANTHA WALDER
25
                                          Action Filed September 21, 2007
26

27  / / /

28  / / /

                                          DECLARATION OF PETER B. MARETZ IN
                                          SUPPORT OF REMOVAL OF CIVIL ACTION
                                          FROM STATE COURT

1    I, PETER B. MARETZ, declare:

2

3    1.    I am an attorney licensed to practice law before all courts in the State of California

4    and the United States District Court, Northern District of California, and am an attorney with the

5    law firm of Shea Stokes, ALC, attorneys of record herein for Defendant FOUR SEASONS

6    HOTELS LIMITED. I have personal knowledge of the facts set forth in this Declaration and can

7    competently testify thereto. I make this declaration as required by 28 U.S.C. section 1446 in

8    support of the Notice of Removal of Civil Action.

9

10    2.    Attached hereto as Exhibit "A" is a true and correct copy of Complaint, Summons,

11    Notice of Case Assignment, Civil Case Cover Sheet, and Proof of Service of Summons in *Benigno*

12    *Bacolores, on behalf of himself and all others similarly situated v. Four Seasons Hotels Limited, a*

13    *Canadian company doing business in California, and DOES 1-100, inclusive,* as Case No. CGC-

14    07-467485, in the Superior Court of the State of California in and for the County of San Francisco.

15

16    3.    Attached hereto as Exhibit "B" is a true and correct copy of the Notice of Claim

17    and Conference received from the Labor Commissioner, State of California on July 6, 2007

18    regarding Benigno Bacolores.

19

20    4.    Defendant FOUR SEASONS HOTELS LIMITED is, and has at all times relevant

21    to this action been, a Canadian company, with its principal place of business located in Toronto,

22    Ontario, Canada. Defendant FOUR SEASONS HOTELS LIMITED is not a citizen of California

23    because it was neither incorporated in California nor is its principal place of business in California.

24    ///

25    ///

26    ///

27    ///

28    ///

S007789

-1-    DECLARATION OF PETER B. MARETZ IN
SUPPORT OF REMOVAL OF CIVIL ACTION
FROM STATE COURT

1    5.    The named Defendant has given its authority to authorize the filing of the notice of

2    removal and related pleadings as to this matter at this time.

3

4    I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd

5    day of November 2007, at San Diego, California.

6

7    _____
     Peter B. Maretz

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT - A

# ORIGINAL

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address)
DARREN M. COHEN, ESQ.    SBN 221938
KINGSLEY & KINGSLEY, APC.
16133 VENTURA BLVD STE 1200
ENCINO, CA 91436
TELEPHONE NO.: (818) 990-8300    FAX NO: (818) 990-2903
E-MAIL ADDRESS:
ATTORNEY FOR: PLAINTIFF

SAN FRANCISCO SUPERIOR COURT/SAN FRANCISCO
STREE ADDRESS: 400 MCALLISTER ST
MAILING ADDRESS: 400 MCALLISTER ST
CITY AND ZIP CODE: SAN FRANCISCO, CA 94102
BRANCH NAME: MCALLISTER

FOR COURT USE ONLY

**FILED**
San Francisco County Superior Court

OCT 2 3 2007
GORDON PARK-LI, Clerk
BY _____
Deputy Clerk

PLAINTIFF/PETITIONER: BENIGNO BACOLORES

DEFENDANT/RESPONDENT: FOUR SEASONS HOTELS LIMITED

Case Number:
CGC07-467485

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of: SUMMONS; COMPLAINT; NOTICE TO PLAINTIFF; CIVIL CASE COVER SHEET; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE; ALTERNATIVE DISPUTE RESOLUTION PROGRAMS; BLANK STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION; BLANK CASE MANAGEMENT STATEMENT; JUDICIAL MEDIATION PROGRAM; MEDIATION SERVICES

3. a. Party served: FOUR SEASONS HOTELS LIMITED, A CANADIAN COMPANY DOING BUSINESS IN CALIFORNIA

   b. Person served: MARGARET WILSON - AGENT FOR SERVICE OF PROCESS @ CT CORPORATION

4. Address where the party was served: 818 W. 7TH ST. 2ND FL, LOS ANGELES, CA. 90017

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): Oct, 04 2007    (2) at (time): 2:50 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   d. On behalf of :
   FOUR SEASONS HOTELS LIMITED, A CANADIAN COMPANY DOING
   under the following Code of Civil Procedure section:    CCP 416.10 (corporation)

7. Person who served papers
   a. Name: ANDRES ORTEGA - ATTORNEY RELATED SERVICES, INC.
   b. Address: 15335 MORRISON ST STE 104, SHERMAN OAKS, CA. 91403-1566
   c. Telephone number: (818) 995-9771
   d. The fee for service was: $ 27.00
   e. I am: (3) registered California process server:

   (i) Employee or independent contractor
   (ii) Registration No.: EMP OF 281 (RAHEB)
   (iii) County: VENTURA

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| DARREN M. COHEN, ESQ.   SBN 221938<br>KINGSLEY & KINGSLEY, APC.<br>16133 VENTURA BLVD STE 1200<br>ENCINO, CA 91436<br>TELEPHONE NO.: (818) 990-8300   FAX NO: (818) 990-2903<br>E-MAIL ADDRESS:<br>ATTORNEY FOR: PLAINTIFF | |

| SAN FRANCISCO SUPERIOR COURT/SAN FRANCISCO | |
|---|---|
| STREET ADDRESS: 400 MCALLISTER ST | |
| MAILING ADDRESS: 400 MCALLISTER ST | |
| CITY AND ZIP CODE: SAN FRANCISCO, CA 94102 | |
| BRANCH NAME: MCALLISTER | |

| | Case Number: |
|---|---|
| PLAINTIFF/PETITIONER: BENIGNO BACOLORES | |
| DEFENDANT/RESPONDENT: FOUR SEASONS HOTELS LIMITED | CGC07-467485 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: October 16, 2007

ANDRES ORTEGA

_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)    (SIGNATURE)

---

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OCT-09-2007  15:51        FIRST LEGAL                    415 626 1331    P.02

## SUMMONS
## *(CITACIÓN JUDICIAL)*

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FOUR SEASONS HOTELS LIMITED, a Canadian
company doing business in California, and
DOES 1-100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BENIGNO BACOLORES, on behalf of himself and all
others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/español), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/español) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | CASE NUMBER: |
|---|---|
| | *(Número del Caso):* 07- 467485 |

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Francisco
400 McAllister Street
P.O. Box 958
San Francisco, CA 94102-4514
CIVIC CENTER COURTHOUSE

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
KINGSLEY & KINGSLEY, APC                           (818) 990-8300   fax (818) 990-2903
GEORGE R. KINGSLEY, ESQ. SBN-38022
ERIC B. KINGSLEY, ESQ. SBN-185123
16133 VENTURA BL., SUITE 1200, ENCINO, CA 91436

| DATE: SEP 2 1 2007 | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Legal
Solutions
Plus

OCT-09-2007 03:49PM   FAX:415 626 1331        ID:SHEA STOKES        PAGE:002   R=95%

OCT-09-2007  15:51    FIRST LEGAL                                    415 626 1331    P.03

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
KINGSLEY & KINGSLEY, APC
GEORGE R. KINGSLEY, ESQ. SBN-38022
ERIC B. KINGSLEY, ESQ. SBN-185123
16133 VENTURA BL., SUITE 1200
ENCINO, CA 91436
TELEPHONE NO.: (818) 990-8300    FAX NO.: (818) 990-2903
ATTORNEY FOR (Name): Plaintif, BENIGNO BACOLORES

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: P.O. Box 958
CITY AND ZIP CODE: San Francisco, CA 94102-4514
BRANCH NAME: CIVIC CENTER COURTHOUSE

CASE NAME: BACOLORES v. FOUR SEASONS HOTELS LIMITED; et al.

FOR COURT USE ONLY

**FILED**
San Francisco County Superior Court

SEP 2 1 2007

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: CGC-07-467485 DEPT: |

Items 1-6 below must be completed (see instructions on page 2)

1. Check one box below for the case type that best describes this case:

Auto Tort
[ ] Auto (22)
[ ] Uninsured motorist (46)
Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
Non-PI/PD/WD (Other) Tort
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
Employment
[ ] Wrongful termination (36)
[X] Other employment (15)

Contract
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
Real Property
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
Unlawful Detainer
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
Judicial Review
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
Enforcement of Judgment
[ ] Enforcement of judgment (20)
Miscellaneous Civil Complaint
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
Miscellaneous Civil Petition
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties       d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve                    in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): SIX
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: 9/19/2007
ERIC B. KINGSLEY                                                    KINGSLEY & KINGSLEY, APC
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

NOTICE
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

KINGSLEY & KINGSLEY, APC
GEORGE R. KINGSLEY, ESQ. (SBN-38022)
ERIC B. KINGSLEY, ESQ. (SBN-185123)
16133 VENTURA BL., SUITE 1200
ENCINO, CA 91436
(818) 990-8300; FAX (818) 990-2903

Jose R. Garay, Esq., SBN 200494
**JOSE GARAY, APLC**
2030 Main Street, Suite 1300
Irvine, CA 92614
(949) 260-9193; FAX: (949) 260-9194

Roger R. Carter, Esq., SBN 140196
Bianca A. Sofonio, Esq., SBN 179520
**THE CARTER LAW FIRM**
2030 Main Street, Suite 1300
Irvine, CA 92614
(949) 260-4737; FAX: (949) 260-4754

Attorneys for Plaintiffs

**FILED**
San Francisco County Superior Court

SEP 2 1 2007

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

**CASE MANAGEMENT CONFERENCE SET**

FEB 2 2 2008 -9:00 AM

DEPARTMENT 212

**SUMMONS ISSUED**

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN FRANCISCO

CGC-07-467485

BENIGNO BACOLORES, on behalf of himself and all others similarly situated

                    Plaintiff,

        v.

FOUR SEASONS HOTELS LIMITED, a Canadian company doing business in California, and DOES 1-100, inclusive,

                    Defendants.

Case No.

**CLASS ACTION COMPLAINT**

1. **Failure to Pay Wages**
2. **Failure to Provide Rest Periods or Compensation in Lieu Thereof**
3. **Failure to Provide Meal Periods or Compensation in Lieu Thereof**
4. **Failure to Pay Wages of Terminated or Resigned Employees**
5. **Knowing and Intentional Failure to Comply With Itemized Employee Wage Statement Provisions**
6. **Violations of the Unfair Competition Law**

**DEMAND FOR JURY TRIAL**

CLASS ACTION COMPLAINT

Four Seasons Hotels Limited

1    Plaintiff Benigno Bacolores, on behalf of himself and all others similarly situated, hereby

2  alleges the following causes of action against Defendant Four Seasons Hotels Limited, a

3  Canadian company doing business in California, hereinafter ("Four Seasons" or "Defendants")

4  and Does 1 through 100, inclusive as follows:

                                              I.

5

                                      INTRODUCTION

6

7    1.  This is a Class Action, pursuant to Code of Civil Procedure ("C.C.P.") §382, on

8  behalf of Plaintiff and all employees, including but not limited to employees not classified as

9  "Exempt" or primarily employed in executive, professional, or administrative capacities ("Four

10  Seasons Non-Exempt Employees") employed by, or formerly employed by any or all of the Four

11  Seasons defendants, within the State of California.

12    2.  ·For at least four years prior to the filing of this action and through to the present

13  ("Liability Period"), Defendants have had a consistent policy of requiring Four Seasons Non-

14  Exempt Employees within the State of California, including Plaintiff, to work through rest

15  periods and failing to provide rest periods of at least (10) minutes per four (4) hours worked or

16  major fraction thereof and failing to pay such employees one (1) hour of pay at the employees

17  regular rate of compensation for each workday that the rest period is not provided, or other

18  compensation, as required by California state wage and hour laws.

19    3.  For at least the Liability Period, Defendants have had a consistent policy of requiring

20  Four Seasons Non-Exempt Employees within the State of California, including Plaintiff, to work

21  through meal periods and work at least five (5) hours without a meal period and failing to pay

22  such employees one (1) hour of pay at the employees regular rate of compensation for each

23  workday that the meal period is not provided, or other compensation, as required by California

24  state wage and hour laws.

25    4.  For at least the Liability Period, Defendants have had a consistent policy of failing to

26  pay overtime to Four Seasons Non-Exempt Employees in violation of California state wage and

27  hour laws by requiring employees to work "off the clock" for hours earned in a workweek and

28  workday and failing to provide itemized records reflecting those hours worked.

                                              2

CLASS ACTION COMPLAINT                                    Four Seasons Hotels Limited

5.  Plaintiff, on behalf of themselves and all Class Members, bring this action pursuant to Labor Code sections 201, 202, 203, 218, 218.5, 218.6, 226, 226.7, 512, 1194, 1199 and California Code of Regulations, Title 8, section 11000 et. seq. seeking unpaid wages, unpaid rest and meal period compensation, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

6.  Plaintiff, individually and on behalf of all others similarly situated, and all Class Members pursuant to Business and Professions Code sections 17200-17208, also seek injunctive relief and restitution from Defendants for their failure to pay hourly wages, pay rest and meal period compensation, and taking unlawful deductions.

## II.

## PARTIES

### A.  Plaintiff

7.  Plaintiff Benigno Bacolores ("Bacolores" or "Plaintiff") is, and at all relevant times mentioned herein was, a competent individual over the age of 18 years old, and a resident of the County of Los Angeles, State of California.  Plaintiff sues herein on behalf of himself and all others similarly situated.  Plaintiff has worked as a server for Defendants from April 3, 1987, to June 22, 2007.  Defendant Four Seasons Hotels Limited owns and operates upscale hotels in Los Angeles County, San Diego County, San Francisco County, Santa Barbara County, and Santa Clara County, California.

### B.  Defendants

8.  Plaintiff, and the class he seeks to represent, are unaware of the true names and capacities of Defendants sued herein as Does 1-100, inclusive ("Doe Defendants"), and therefore sue these Doe Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of said Doe Defendants when ascertained. Plaintiff, is informed and believes, and thereon alleges, that at all relevant times mentioned herein, each of the fictitiously-named Doe Defendants conducted business in Los Angeles County, California, and are culpable or responsible in some manner and/or conspired with one or more of the other Defendants for the conduct, acts, omissions, occurrences, injuries, and

3

CLASS ACTION COMPLAINT                         Four Seasons Hotels Limited

damages herein alleged, and that the injuries and damages sustained by Plaintiff were directly and proximately caused thereby. The FOUR SEASONS, and Doe Defendants are hereinafter referred to collectively as "Defendants".

9. Defendant FOUR SEASONS, a Canadian company doing business in California, is engaged in the ownership and operation of a chain of upscale hotels located throughout California. During the Liability Period, Defendant employed Plaintiff and similarly situated persons as Four Seasons Non-Exempt Employees and committed the acts complained of herein in California and throughout Los Angeles County.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants' sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants' by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes and based thereon alleges, that each of the Defendants' designated herein as a DOE are legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants' designated hereinafter as DOES when such identities become known.

11. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants', carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants'.

### III.

### FACTUAL BACKGROUND

12. Defendants operate and, at all times during the Liability Period, have conducted business in various hotels in Los Angeles and elsewhere within California. At various hotels, Defendants have, among other things, employed persons as Non-Exempt employees. On information and belief, the Four Seasons either directly or indirectly controlled the wages, hours,

4

OCT-09-2007  15:52    FIRST LEGAL                                    415 626 1331    P.08

1  and/or working conditions of individuals employed at the restaurants identified in the following

2  paragraph.

3      13. Upon information and belief, these Four Seasons Non-Exempt Employees worked in

4  non-exempt, non-managerial positions including, but not limited to, cooks, servers, expediters,

5  busboys, waiters, hostesses, food servers, dishwashers, and or similar and incidental positions

6  related to the operation of a restaurant.

7      14. Four Seasons' non-exempt employees have been required work "off the clock" and

8  without compensation through Defendant's policy of locking employees in after clock-in and not

9  allowing them to leave after clock-out, and were not provided rest periods for work periods of

10  four hours or major fractions thereof or meal periods for work days in excess of five (5) and/or

11  ten (10) hours and were not compensated one hours wages in lieu thereof, all in violation of,

12  among others, Labor Code §§ 201, 202, 203, 218.5, 218.6, 226.7, 512, 1194, 1199, and

13  applicable Industrial Welfare Commission Wage Orders.

14      15. Plaintiff and members of the Plaintiff Class of Four Seasons Non-Exempt Employees

15  were not provided lawful meal periods, and were not provided with one hours wages in lieu

16  thereof, in one or more of the following manners:

17          a.  employees were required to work through their daily meal period(s), or work

18              an unlawful "on-duty meal period";

19          b.  employees were severely restricted in their ability to take a meal period;

20          c.  employees were forbidden to leave the workplace during a meal period.

21      16. During the Liability Period, Plaintiff and the members of the Plaintiff Class of Four

22  Seasons Group Non-Exempt Employees were regularly required to work in excess of four hours

23  without being provided a rest period. Defendants neither permitted nor authorized Plaintiff and

24  Class Members to take lawful rest periods. On information and belief, Plaintiff and Class

25  Members did not waive rest periods during the liability period.

26      17. Defendants did not fully compensate Four Seasons Non-Exempt Employees for

27  hourly wages during the liability period and did not compensate Four Seasons Non-Exempt

28

CLASS ACTION COMPLAINT                                              Four Seasons Hotels Limited

OCT-09-2007 03:50PM    FAX:415 626 1331        ID:SHEA STOKES        PAGE:008  R=95%

 

1   Employees for Defendants' failure to provide rest periods and meal periods during the Liability
2   Period.

3       18. On information and belief, Defendants were notified of the improprieties alleged
4   herein by their employees, Plaintiff and the Class they seek to represent, and intentionally
5   refused to rectify their policy.

6       19. Defendants' requirement that Four Seasons Non-Exempt Employees (in addition to
7   violations alleged above) work "off the clock" and without compensation through Defendant's
8   policy of locking employees in after clock-in and not allowing them to leave after clock-out,
9   work through meal and rest periods without paying legal compensation for failure to provide rest
10  or meal periods during the Liability Period was willful and deliberate.

11      20. On information and belief, Defendants willfully failed to pay the legal wages, failed
12  to provide rest and meal periods during which former Four Seasons Non-Exempt Employees
13  were required to work, and willfully failed to pay one hours wages in lieu of rest and meal
14  periods, when each such employee quit or was discharged.

15      21. Defendants have made it difficult to account with precision for the unlawfully
16  withheld wages and deductions due Four Seasons Non-Exempt Employees, including Plaintiff,
17  during the Liability Period, because they did not implement and preserve a record-keeping
18  method to record all the unlawful deductions by its employees as required for Non-Exempt
19  employees by California Labor Code §§ 226, 1174(d), and section 7 of the California Wage
20  Orders.

21      22. Defendants have failed to comply with Labor Code §226 (a) by itemizing in wage
22  statements all deductions from payment of wages and accurately reporting total hours worked by
23  Plaintiff and the members of the proposed Class. Plaintiff and Class Members are therefore
24  entitled to penalties not to exceed $4000 for each employee pursuant to Labor Code §226 (e).

25      23. Defendants have failed to comply with Industrial Welfare Commission IWC Wage
26  Order 5 section (7) by failing to maintain time records showing when the employee begins and
27  ends each work period, meal period, earns wages pursuant to Labor Code §226.7, and total daily
28

6

CLASS ACTION COMPLAINT

Four Seasons Hotels Limited

OCT-09-2007  15:52    FIRST LEGAL                                          415 626 1331   P.10

 

1   hours worked by itemizing in wage statements all deductions from payment of wages and

2   accurately reporting total hours worked by Plaintiff and the members of the proposed Class.

3                                      IV.

4                        **CLASS ACTION ALLEGATIONS**

5       24. Plaintiff brings this action on behalf of himself and all others similarly situated as a

6   Class Action pursuant to section 382 of the Code of Civil Procedure. Plaintiff seeks to represent

7   a Class composed of and defined as follows:

8            All persons who are employed or have been employed by
             Defendants in the State of California who, within four (4) years of
9            the filing of this Complaint, have worked as Non-Exempt
             employees and were not paid all lawful wages as regular time and
10           overtime.

11
        25. Plaintiff also seeks to represent a Subclass composed of and defined as follows:
12
             All persons who are employed or have been employed by
13           Defendants in the State of California who, for the four (4)
             years prior to the filing of this class action to the present have
14           worked as Non-Exempt employees and have not been provided a
             rest period for every four hours or major fraction thereof worked
15           per day, and were not provided compensation of one hour's pay for
             each day on which such rest period was not provided.
16

17
        26. Plaintiff also seeks to represent a Subclass composed of and defined as follows:
18
             All persons who are employed or have been employed by
19           Defendants in the State of California who, for the four (4)
             years prior to the filing of this class action to the present have worked
20           as Non-Exempt employees and have not been provided a meal period for
             every five hours or major fraction thereof worked per day, and
21           were not provided compensation of one hour's pay for each day on
             which such meal period was not provided.
22

23

24      27. Plaintiff also seeks to represent a subclass composed of and defined as follows:

25           All persons who have separated their employment from Defendants
             in the State of California who, within four (4) years of the filing of
26           this Complaint, have not been paid wages pursuant to Labor Code
             section 203 and are owed restitution for waiting time penalties
27           deriving from wages.

28
                                      7

---

CLASS ACTION COMPLAINT                                          Four Seasons Hotels Limited

OCT-09-2007 03:51PM    FAX:415 626 1331              ID:SHEA STOKES          PAGE:010   R=95%

OCT-09-2007  15:53   FIRST LEGAL                                    415 626 1331   P.11

28. Plaintiff reserves the right under Rule 1855(b), California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

29. This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.   Numerosity**

30. The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and during the relevant time periods employed hundreds of employees in the State of California, in positions as Four Seasons Non-Exempt Employees in Los Angeles County and dispersed throughout California during the liability period and who are or have been affected by Defendants' unlawful practices as alleged herein.

31. Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Upon information and belief, Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

**B.   Commonality**

32. There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

> i.   Whether Defendants violated Labor Code sections 510, 1194, 1197, and 1199, and Industrial Welfare Commission Wage Order 5 and/or other applicable IWC Wage Orders, by requiring Non-Exempt employees to work "off the clock" and failing to provide itemized records reflecting those hours worked, and/or work up 40 hours and/or in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek without compensating such employee at the rate of time and one-half (1 1/2) of such employee's regular rate of pay but rather compensating said employees at a rate less than the legal minimum wage

8

OCT-09-2007 03:51PM   FAX:415 626 1331          ID:SHEA STOKES          PAGE:011  R=96%

and/or legal overtime, and for failing to compensate non-exempt employees at double the regular rate of pay for all hours worked in excess of twelve (12) in a workday and for all hours worked in excess of eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek;

ii.    Whether Defendants violated Labor Code § 226.7 and IWC Wage Order 5 section 12 or other applicable IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 et. seq. by failing to provide daily rest periods to Four Seasons Non-Exempt Employees for every four hours or major fraction thereof worked and failing to compensate said employees one hours wages in lieu of rest periods;

iii.    Whether Defendants violated Labor Code sections 226.7 and 512, IWC Wage Order 5 section 11 or other applicable IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 et. seq. by failing to provide a meal period to Four Seasons Non-Exempt Employees on days they worked work periods in excess of five hours and failing to compensate said employees one hour's wages in lieu of meal periods;

iv.    Whether Defendants violated sections 226, 1174 of the Labor Code and IWC Wage Order 5 section 7 by failing to maintain accurate records of Class Members' earned wages and work periods;

v.    Whether Defendants violated sections 201-203 of the Labor Code by failing to pay all earned wages and compensation due and owed at the time that any Class Member's employment with Defendants terminated voluntarily or involuntarily;

vi.    Whether Defendants violated section 17200 et seq. of the Business and Professions Code by failing to pay legal wages and/or legal overtime wages for Non-Exempt employee's; failing to provide rest and meal periods without compensating Non-Exempt employees one hour's pay for every day such periods were not provided; failing to pay wages and compensation for denied rest and meal period compensation due and owing at the time a Class Member's employment with Defendants terminated, and failing to keep accurate records of Class Member's hours worked;

9

---

CLASS ACTION COMPLAINT                                    Four Seasons Hotels Limited

vii.    Whether Defendants violated section 17200 *et. seq* of the Business and
Professions Code and Labor Code §§201-203, 214, 216, 221, 226, 226.7, 512,
1174, 1194 and 1199 and applicable IWC Wage Orders which violation
constitutes a violation of fundamental public policy;

viii.    Whether Plaintiff and the Members of the Plaintiff Class are entitled to
equitable relief pursuant to Business and Professions Code §17200, et seq. seq.

## C.    Typicality

33. The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff and
all members of the Class sustained injuries and damages arising out of and caused by
Defendants' common course of conduct in violation of California laws, regulations, and statutes
as alleged herein.

## D.    Adequacy of Representation

34. Plaintiff will fairly and adequately represent and protect the interests of the members
of the Class. Counsels who represent Plaintiff are competent and experienced in litigating large
employment class actions.

## E.    Superiority of Class Action

35. A Class Action is superior to other available means for the fair and efficient
adjudication of this controversy. Individual joinder of all Class Members is not practicable, and
questions of law and fact common to the Class predominate over any questions affecting only
individual members of the Class. Each member of the Class has been damaged and is entitled to
recovery by reason of Defendants' unlawful policies and practices alleged in the Complaint.

36. Class Action treatment will allow those similarly situated persons to litigate their
claims in the manner that is most efficient and economical for the parties and the judicial system.
Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this
action that would preclude its maintenance as a class action.

///
///
///

10

CLASS ACTION COMPLAINT                                    Four Seasons Hotels Limited

OCT-09-2007  15:53    FIRST LEGAL    415 626 1331    P.14

## V.

## CAUSES OF ACTION

### First Cause of Action

*Failure to Pay Wages*

37. Plaintiff incorporates paragraphs 1 through 41 as though fully set forth herein.

38. On information and belief, Defendants have had a consistent policy of failing to pay overtime to Non-Exempt Employees in violation of California state wage and hour laws by requiring employees to, among other Labor Code violations, work "off the clock" in a workweek and workday through Defendant's policy of requiring employees to continue working before or after clock-in and/or not allowing them to leave after clocking-out and failing to provide itemized records reflecting those hours worked.

39. Upon information and belief, Defendants willfully violated the provisions of Labor Code section 1194, 1199, applicable IWC Wage Orders and California law by consistently requiring Non-Exempt employees to work up to 40 hours in a workweek and/or in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without compensating such employee at the rate of time and one-half (1 1/2) of such employee's regular rate of pay and for failing to compensate non-exempt employees at double the regular rate of pay for all hours worked in excess of twelve (12) in a workday and for all hours worked in excess of eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek.

40. As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent have been deprived of wages and/or overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code sections 1194 and 1199.

41. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

### Second Cause of Action

*Failure to Provide Rest Periods or Compensation in Lieu Thereof*

42. Plaintiff incorporates paragraphs 1 through 46 as though fully set forth herein.

43. Defendants failed to provide the members of Class with all of their required rest breaks. As a result, under Labor Code section 226.7, Plaintiff and the members of Class are

11

FAX:415 626 1331        ID:SHEA STOKES        PAGE:014  R=96%

1   entitled to one additional hour's pay for each day a rest break was missed, in an amount to be

2   proved at trial.

3       44. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

4   described herein and below.

5                              **Third Cause of Action**

6              *Failure to Provide Meal Periods or Compensation in Lieu Thereof*

7       45. Plaintiff incorporates paragraphs 1 through 49 as though fully set forth herein.

8       46. Defendants failed to provide the members of Class with all of their required meal

9   periods. As a result, under Labor Code section 226.7 and 512, Plaintiff and the members of

10  Class are entitled to one additional hour's pay for each day a meal period was missed, in an

11  amount to be proved at trial.

12      47. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

13  described herein and below

14                             **Fourth Cause of Action**

15              *Failure to Timely Pay Wages Due At Termination*

16      48. Plaintiff incorporates paragraphs 1 through 47 as though fully set forth herein.

17      49. Sections 201 and 202 of the California Labor Code require Defendants to pay its

18  employees all wages due within 72 hours of termination of employment. Section 203 of the

19  Labor Code provides that if an employer willfully fails to timely pay such wages the employer

20  must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in

21  full or an action is commenced. The penalty cannot exceed 30 days of wages.

22      50. Plaintiff and the Class he seeks to represent are entitled to compensation for all forms

23  of wages earned, including, but not limited to, wages earned but not paid, reimbursement for out-

24  of-pocket expenses, compensation for unprovided rest periods and unprovided meal periods,

25  and/or compensation for unlawful deductions, but to date have not received such compensation

26  therefore entitling them Labor Code section 203 penalties.

27      51. More than 30 days have passed since affected Class Members have left Defendants'

28  employ, and on information and belief, have not received payment pursuant to Labor Code §203.

As a consequence of Defendants' willful conduct in not paying all earned wages, Plaintiff and

---

CLASS ACTION COMPLAINT                                      Four Seasons Hotels Limited



1  certain Class Members are entitled to 30 days' wages as a penalty under Labor Code section 203

2  for failure to pay legal wages.

3  52. Plaintiff and Class Members are also entitled to an additional 30 days' wages as a

4  penalty under Labor Code section 203 for willful failure to pay one hour's wages in lieu thereof

5  for denied rest and meal periods, together with interest thereon and attorneys' fees and costs.

6  53. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

7  described herein and below.

### Fifth Cause of Action

*Knowing and Intentional Failure to Comply With Itemized Employee*

*Wage Statement Provisions*

54. Plaintiff incorporates paragraphs 1 through 53 as though fully set forth herein.

55. Section 226 (a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the members of the proposed Class. Defendants have knowingly and intentionally failed to comply with Labor Code §226 (a) on each and every wage statement that should have been provided to Plaintiff and members of the proposed Class. By failing to keep adequate records as required by §§226 and 1174 (d) of the Labor Code, Defendants have injured Plaintiff and Class Members and made it difficult to calculate the unpaid wages earned, unpaid rest and meal period compensation, and losses and expenditures not indemnified by Defendants (including wages, interest, and penalties thereon) due Plaintiff and members of the Plaintiff Class.

56. Section 1174 of the California Labor Code requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees. Defendants have knowingly and intentionally failed to comply with Labor Code section 1174. Defendants', and each of them, failure to comply with Labor Code §1174 is unlawful pursuant to Labor Code §1175.

57. IWC Wage Orders 5 section 7 requires Defendants to maintain time records showing, among other things, when the employee begins and ends each work period, meal period, split

13

CLASS ACTION COMPLAINT                                    Four Seasons Hotels Limited




1  shift interval and total daily hours worked in an itemized wage statements, and must show all

2  deductions and reimbursements from payment of wages, and accurately report total hours

3  worked by Plaintiff and the members of the proposed Class.

4      58. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

5  described herein and below.

### Sixth Cause of Action

*Violation of Unfair Competition Law*

59. Plaintiff incorporates paragraphs 1 through 63 as though fully set forth herein.

60. On information and belief, by their policy of:

    i.   requiring employees to work without being provided a minimum ten-minute rest period for every four hours or major fraction thereof worked and not being compensated one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not provided;

    ii.   requiring employees to work in excess of five hours per day without being provided an appropriate meal period and not being compensated one (1) hour of pay at the regular rate (or minimum wage) of compensation for each workday that a meal period was not provided, all in violation of California labor laws, regulations, and Industrial Welfare Commission Wage Orders;

    iii.   requiring employees to work "off the clock" without compensation during the workday and workweek while performing tasks, duties, and responsibilities for compensable hours worked and through Defendant's policy of locking employees in after clock-in and not allowing them to leave after clock-out;

    iv.   failing to pay all earned wages and failing to compensate for non provided rest and meal periods to Plaintiff and members of the Plaintiff Class, under the IWC Wage Orders and under California Labor Code; and

    v.   failing to keep proper records, Defendants engaged in unlawful activity prohibited by Business and Professions Code section 17200, et seq.

61. The actions of Defendants as alleged within this Complaint constitute false, fraudulent, unlawful, unfair, fraudulent, and deceptive business practices, within the meaning of

CLASS ACTION COMPLAINT                                                Four Seasons Hotels Limited

Business and Professions Code section 17200, et seq. Plaintiff is entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

62. As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiff, and the Class he seeks to represent. Defendants should be enjoined from this activity and restore to Plaintiff and the members of the Plaintiff Class wrongfully withheld wages, pursuant to Business and Professions Code §17203.

63. Plaintiff is informed and believes, and thereon alleges, that Defendants are unjustly enriched through Defendants' unlawful, unfair, and fraudulent business practices as alleged throughout the Complaint. Plaintiff is informed and believes, and thereon alleges, that Plaintiff and members of the Plaintiff Class are prejudiced by Defendants' unfair trade practices.

64. As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, is entitled to equitable and injunctive relief, including full restitution of all wages which have been unlawfully withheld from Plaintiff and members of the Plaintiff Class as a result of the business acts and practices described herein and enjoining Defendants to cease and desist from engaging in the practices described herein.

65. The unlawful conduct alleged herein is continuing, and there is no indication that Defendants will not continue such activity into the future. Plaintiff alleges that if Defendants are not enjoined from the conduct set forth in this Complaint, they will continue to unlawfully deduct from Four Seasons Non-Exempt Employees' wages, will continue to require employees to work during meal periods, will continue to fail to pay wages earned, fail to provide rest periods or provide appropriate compensation in lieu thereof, and will continue to fail to pay and to avoid paying appropriate taxes, insurance, and unemployment withholdings.

66. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below and as deemed just.

///

///

15

CLASS ACTION COMPLAINT                                   Four Seasons Hotels Limited

## VI.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1. That the Court determine that this action may be maintained as a class action;

2. For compensatory damages in an amount according to proof with interest thereon;

3. For economic and/or special damages in an amount according to proof with interest thereon;

4. That Defendants be found to have engaged in unfair competition in violation of section 17200 of the California Business and Professions Code;

5. That Defendants be ordered and enjoined to make restitution to the Class due to their unfair competition, including restitution of wrongfully-obtained compensation and benefits, pursuant to California Business and Professions Code §§17203 and 17204;

6. That Defendants be enjoined from continuing the unlawful course of conduct, alleged herein;

7. That Defendants further be enjoined to cease and desist from unfair competition in violation of section 17200 of the California Business and Professions Code;

8. That Defendants be enjoined from further acts of restraint of trade or unfair competition;

9. For wages and/or and penalties pursuant to Labor Code §203;

10. For premium wages pursuant to Labor Code §226, 226.7;

11. For attorneys' fees, interests and costs of suit under Labor Code §§218.5, 1194; and

12. For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

Dated: September 19, 2007        KINGSLEY & KINGSLEY, APC

By: _____
**ERIC B. KINGSLEY**
**ATTORNEYS FOR PLAINTIFFS**
16

---

CLASS ACTION COMPLAINT                                Four Seasons Hotels Limited

# EXHIBIT - B

FEB. 10. 2007  6:57PM    R SEASONS LOS ANGELES HR DEPT    No. 0549  P. 2

**LABOR COMMISSIONER, STATE OF CALIFORNIA**
Department of Industrial Relations
Division of Labor Standards Enforcement

320 W. 4th Street, #450
Los Angeles, CA 90013
Tel: (213) 897-5960  Fax: (213) 897-4059

| | |
|---|---|
| PLAINTIFF: **BENIGNO V. BACOLORES** | |
| DEFENDANT: **FOR SEASONS HOTEL**<br>**300 S. DOHENY DRIVE.**<br>**LOS ANGELES, CA 90048** | |
| State Case Number<br>**06-85278  DG** | **NOTICE OF CLAIM AND CONFERENCE** |

ALL PARTIES in the above matter ARE TO APPEAR for a conference to be held in the Office of the State Labor Commissioner as follows:

PLACE:  **320 W. 4th Street #450 Los Angeles, CA 90013**

DATE:  **Wednesday, July 25, 2007**          TIME:  **3:00 PM**

The purpose of this conference is to discuss the validity of and to settle the claim filed with this Division by the Plaintiff shown above alleging non-payment of:

Rest period premiums pursuant to the Industrial Welfare Commission Order No. 5, for 825 days at the rate of $17.35 per day during the period from 6/10/04 to 6/10/07, claiming $14,313.75. The required penalty is one hour of pay at the Plaintiff's regular rate of pay for each day that a meal period was not provided in accordance with provisions of the Order.

☒ and also alleging additional wages accrued pursuant to Labor Code Section 203 as a penalty at the rate of  $138.80
per day until paid, but not exceed thirty days.

☐ and also alleging additional wages accrued pursuant to Labor Code Section 203.1, as a penalty at the rate of ....................................
per day for issuance of an insufficient payroll check for an indeterminate number of days not to exceed thirty days.

In addition, the Defendant may be subject to penalties due to the State of California, pursuant to Labor Code Section 210.

ALL PARTIES please bring any supporting material you
have, including books, payroll records, time records or
other documents that may have bearing on this matter.

TO THE DEFENDANT:

Prior to the conference, you may submit to this office a written
reply regarding this claim. However, you should still attend the
conference, unless otherwise notified.

If this matter is not settled at the conference, a hearing may be
scheduled. Any wages awarded as a result of a hearing pursuant
to Labor Code Section 98 will accrue interest from the date they
are found due until they are paid {Labor Code Section [98.1(c)].

Instead of appearing for the above conference you can settle
this claim by mailing immediately to this office a check or
money order made payable to the Plaintiff for the full amount
of the claim, including penalties. If you concede that part of
the claim is valid the conceded amount must be paid
immediately as required by Labor Code Section 206.

Any disputed amount will be discussed at the scheduled
conference. Payment must be accompanied by a separate or
detachable itemized statement of any deductions made, as
provided by the Labor Code. Do not make payroll deductions
from amounts paid as penalties.

If this claim is not settled, it will be resolved as provided by Section 98 of the Labor Code.

DATED: July 6, 2007

**Danny Gee**
213-897-0016

*Deputy Labor Commissioner*

DLSE 563/DEP.  (REV9/96)          NOTICE OF CLAIM AND CONFERENCE                    L.C. 98

⊔⏌. 10. 2007  6:57PM    ⟨ 1 SEASONS _OS ANGE_ES HR DEPT    ⟨    No. 0349   P. 3

STATE OF CALIFORNIA                                    Arnold Schwarzenegger, Governor

DEPARTMENT OF INDUSTRIAL RELATIONS
Division of Labor Standards Enforcement
320 W. 4ᵗʰ Street, Suite #450
Los Angeles, CA 90013
(213) 897-5960   Fax (213) 897-4059



## ATTENTION: PLAINTIFF
### PLEASE BRING TO THE SCHEDULED CONFERENCE
### A COPY OF THE FOLLOWING DOCUMENTS

1.  Latest W-2 Form (from this employer)
2.  Check Stubs
3.  Documentation showing any and all legal names your
    employer/company uses.
4.  Any documentation to support your claim; including copy
    of time records, company policies, witness statement(s), any written correspondence pertaining
    to your claim.

*********************************

## ATENCIÓN: DEMANDANTE
POR FAVOR EL DÍA DE LA FECHA FIJADA PARA LA CONFERENCIA TRAIGA UNA COPIA DE LOS
SIGUIENTES DOCUMENTOS

1.  El formulario W-2 de esta compania o del patron
2.  Unos talones de cheques
3.  Documentación mostrando todos los nombres legales que su empleador usa
4.  Cualquier información que apoye su reclamo, incluyendo copias de los informes del tiempo
    trabajodo; los reglamentos de la compañía; las declaraciones de testigos y correspondencio que
    tiene que ver con su reclamo.

***************************************************************************

## ATTENTION:  EMPLOYER/DEFENDANT
### PLEASE BRING TO THE SCHEDULED CONFERENCE
### A COPY OF ANY OF THE FOLLOWING
### DOCUMENTS THAT IDENTIFY YOUR BUSINESS

1.  City Business License
2.  Certificate of Fictitious Business Name
3.  General or Limited Partnership Statement
4.  Articles of Incorporation filed with the Secretary of State
    5.    Any documentation including time & payroll records, witness statements,
    company policies, written correspondence applicable to the pending claim.

LABOR CODE SECTION 201
If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

LABOR CODE SECTION 202
If an employee, not having a written contract for a definite period quits his employment, his wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his intention to quit, in which case the employee is entitled to his wages at the time of quitting.

LABOR CODE SECTION 203
If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5 , 202 and 205.2 any wages of an employee who is discharged or who quits, the wages of such employees shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but such wages shall not continue for more than 30 days. No employee who secretes or absents himself to avoid payment to him, or who refuses to receive the payment when fully tendered to him, including any penalty then accrued under this section, shall be entitled to any benefit under these sections for the time during which he so avoids payment.

LABOR CODE SECTION 203.1
If an employer pays an employee in the regular course of employment or in accordance with Section 201, 201.5, 201.7 or 202 any wages or fringe benefits or both, by check, draft or voucher, which check, draft or voucher is subsequently refused payment because the employer or maker has no account with the bank institution, or person on which the instrument is drawn, or has insufficient funds in the account upon presentation, so long as the same is presented within 30 days of receipt by the employee of the check, draft or voucher, those wages or fringe benefits, or both shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced. However, those wages and fringe benefits shall not continue for more than 30 days and this penalty shall not apply if the employer can establish to the satisfaction of the Labor Commissioner or an appropriate court of law that the violation of this section was unintentional

LABOR CODE SECTIONS 206(a)
In case of a dispute over wages, the employer shall pay, without condition and within the time set by this article, all wages, or parts thereof, conceded by him to be due, leaving to the employee all remedies he might otherwise be entitled to as to any balance claimed.

LABOR CODE SECTION 206.5
No employer shall require the execution of any release of any claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of such wages has been made. Any release required or executed in violation of the provisions of this section shall be null and void as between the employer and the employee and the violation of the provisions of this section shall be a misdemeanor.

LABOR CODE SECTION 210
In addition to, and entirely independent and apart from any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 204, 204b, 204.1, 204.2, 205, 205.5 and 1197.5, shall be subject to a civil penalty as follows:
   (a)   For any initial violation, fifty dollars ($50) for each failure to pay each employee.
   (b)   For each subsequent violation, or any willful or intentional violation, one hundred dollars ($100) for each failure to pay each employee plus 25 percent of the amount unlawfully withheld.
The penalty shall be recovered by the Labor Commissioner as part of a hearing held to recover unpaid wages and penalties pursuant to this chapter or in an independent civil action. The action shall be brought in the name of the people of the State of California and the Labor Commissioner and the attorneys thereof may proceed and act for and on behalf of the people in bringing these actions. All money recovered therein shall be paid into the State Treasury to the credit of the General Fund

LABOR CODE SECTION 216
In addition to any other penalty imposed by this article, any person, or an agent, manager, superintendent, or officer thereof is guilty of a misdemeanor who:
   (a) Having the ability to pay, willfully refuses to pay wages due and payable after demand has been made.
   (b) Falsely denies the amount or validity thereof, or that the same is due, with intent to secure for himself, his employer or other person, any discount upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay or defraud, the person to who such indebtedness is due.

Nov. 10. 2007  6:57PM    4 SEASONS LOS ANGELES HR DEPT                No. 0349   P. 5

STATE OF CALIFORNIA DEPARTMENT OF INDUSTRIAL RELATIONS
DIVISION OF LABOR STANDARDS ENFORCEMENT
REPORT OF WORKERS' COMPENSATION INSURANCE

06-85278    DG

**Date**

Note: Please disregard this form if you are a Federal or State Agency or any part its political subdivision

FOR SEASONS HOTEL
300 S. DOHENY DRIVE.
LOS ANGELES, CA 90048

State Labor Code Section 3711 requires you to
furnish the information requested below.
FAILURE TO COMPLETE AND RETURN THIS
FORM WITHIN 10 DAYS MAY SUBJECT
YOU TO A $500.00 PENALTY.

Employer State ID# _____
(complete)
This is to inform you, as an employer, that if you have
one or more, full-time or part-time employee, you must be insured for
Worker's Compensation.
Please read the requirements of the California law on right side of this form
Then complete the information requested herein, and return this form within
10 days to the office of the Labor Commissioner.

| Name of Employer | No. of Employees |
|---|---|
| | |

| Type of Business (Retail, Restaurant, Insurance, etc.) | Telephone No. ( include area code) |
|---|---|
| | |

Address of Business (Give California location if main office is out of state.)

Name of Worker's Compensation Insurance Carrier

Policy No.

Name & Address of Insurance Agent or Broker (if any)

Name of Insured Employer ( as shown on Policy)

| Period covered From | To |
|---|---|
| | |

**Entity Status and Agent(s) for Service [Check one]**

☐ Corporation   ☐ Sole proprietor   ☐ Partnership
☐ LLC          ☐ LLP             ☐ Association

Agent for Service

| Name | Title |
|---|---|
| | |
| Name | Title |
| | |

Are there persons working for you who are specifically   ☐ Yes ☐ No
exempt from coverage?                                    If yes, please fill in below
Note: Spouses and relatives are NOT exempt)
CATEGORIES OF EXEMPTED EMPLOYEES AND REASONS FOR EXEMPTIONS

Reasons for Non insurance (Such as no employees, out of business, etc.)

1. Every employer of one or more persons MUST be insured
for Worker's Compensation (Labor Code Section 3700).
2. Every employer must furnish within 10 days a written state-
ment showing the name of his or her Workers' Compensation
insurance carrier when requested to do so by a designated
agent of the Director of the Department of Industrial Relations.
For failure to do so, the employer shall pay a fine of $500.00
(Labor Code Section 3700).
3. The State Labor Commissioner is the Director's designated
agent to enforce these laws, pursuant to Labor Code Section
3710).
4. Every employer shall post and keep posted in a conspicuous
location frequented by employees and where such notice may
be easily read by employees during the course of the workday,
a NOTICE which shall state (1) the name of the current com-
pensation insurance carrier of the employer, or (2) when such
is the fact, that the employer is self-insured, and (3) who is
responsible for claims adjustment. Failure to keep such notice
conspicuously posted shall constitute a misdemeanor and
shall be prima facie evidence of non insurance (Labor Code
Section 3550).
5. If an employee files for a claimed industrial injury and the
Worker's Compensation Appeals Board finds that the injury is
noncompensable, the uninsured employer shall pay a penalty of
$2,000.00 per employee employed at the time of the claimed
injury, to a maximum of $100,000.00 (Labor Code Section 3722).
6. If an employee files for a claimed industrial injury and the
Worker's Compensation Appeals Board finds that the injury is
compensable, the uninsured employer shall pay a penalty of
$10,000.00 per employee employed at the time of the claimed
injury, to a maximum of $100,000.00 (Labor Code Section 3722).
7. If the Worker's Compensation Board finds an employer to be
willfully uninsured, the Appeals Board may increase the amount
of compensation by 10%. Failure of the employer to carry
Worker's Compensation insurance is prima facie evidence of
willfullness. (Labor Code Section 4554).

In accordance with Labor Code Section 3700, if you have any
employees (one or more part-time or full time), and are not
insured for Worker's Compensation, YOU ARE HEREBY
ORDERED TO OBTAIN SUCH INSURANCE IMMEDIATELY.

Failure to carry Worker's Compensation on your employees
shall subject you to (1) the prohibition of the use of your
employees under a STOP ORDER until you obtain coverage;
(2) the payment of lost wages to your employees affected
by the work stoppage; and (3) payment of penalties of
$1,000.00 per employee employed at the time of the STOP
ORDER issued to a maximum of $100,000.00 (Labor Code
Section 3710.1, 3722)

I HEREBY CERTIFY THE ABOVE TO BE CORRECT

Name & Signature of Owner or Partner, or Corporate or Association Officer

| Title | Date |
|---|---|
| | |

DLSE 601 (Rev. 2/99)          REPORT ON WORKER'S COMPENSATION INSURANCE          L.C. 3711