1  ARCH Y. STOKES, Georgia State Bar No. 683100
   astokes@sheastokes.com
2  SHEA STOKES, ALC
   3593 Hemphill Street
3  College Park, GA 30337
   TELEPHONE:      (404)766-0076
4  FACSIMILE:      (404)766-8823

5

   PETER B. MARETZ, California State Bar No. 144826
6  pmaretz@sheastokes.com
   VICTORIA G. PURUGANAN, California State Bar No. 239257
7  vpuruganan@sheastokes.com
   SHEA STOKES, ALC
8  510 MARKET STREET, THIRD FLOOR
   SAN DIEGO, CALIFORNIA 92101-7025
9  TELEPHONE:      (619) 232-4261
   FACSIMILE:      (619) 232-4840
10
   Attorneys for Four Seasons Hotels Limited, a Canadian company
11

12                          UNITED STATES DISTRICT COURT

13                         NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 14  BENIGNO BACOLORES, on behalf of himself and all others similarly situated, | CASE NO. C-07-05592 MHP |
| 15  Plaintiff, | (San Francisco Superior Court Case No. CGC-07-467485) |
| 16  v. | |
| 17  FOUR SEASONS HOTELS LIMITED, a Canadian company doing business in California, and Does 1-100, inclusive, | **DEFENDANT FOUR SEASONS HOTELS LIMITED'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA** |
| 18 Defendant. | **[28 U.S.C.§1404(a)]** |
| 19 | **ACCOMPANYING PLEADINGS: NOTICE OF MOTION; DECLARATIONS OF PETER B. MARETZ AND SAMANTHA WALDER** |
| 20 | Date:        January 7, 2008 |
| 21 | Time:        2:00 p.m. |
| 22 | Courtroom:   15 |
| 23 | Judge:       Marilyn Hall Patel |
| 24 | Class Action Fairness Act |
| 25 | Action Filed September 21, 2007 |

28  / / /

C-07-05592 MHP
Memorandum of Points and Authorities in Support
of Motion to Transfer Venue

Defendant FOUR SEASONS HOTELS LIMITED ("FOUR SEASONS") respectfully submits the following memorandum of points and authorities in support of its motion to transfer venue of this action to the Central District of California.

## I.

## INTRODUCTION

This is a suit alleging various wage and hour violations against Four Seasons, a Toronto, Ontario based management company involved in the management of high-end luxury hotels, including the Four Seasons Hotel Los Angeles at Beverly Hills ("the Hotel"). Plaintiff, Benigno Bacolores, worked for more than 20 years at the Hotel until he voluntarily terminated his employment in June of 2007. Plaintiff has not worked at any other Four Seasons flagged hotel, and certainly has not worked at any Four Seasons flagged hotel within the Northern District of California.

At all times pertinent to this litigation, Plaintiff has lived in or around Los Angeles, California. While this lawsuit is pled as a putative class action, the class has not been certified, and there are no named plaintiffs other than Mr. Bacolores.

This lawsuit has no connection to the Northern District of California, and it is, in fact, a mystery why it was filed in San Francisco in the first place. The only Four Seasons flagged hotel at which Plaintiff worked is in Los Angeles, all of the records concerning his employment are in Los Angeles, and virtually every witness expected at this point to testify in this case is in Los Angeles. In the interest of justice, and pursuant to 28 U.S.C. section 1404(a), Four Seasons respectfully requests that venue of this matter be transferred to the Central District of California.

/ / /
/ / /
/ / /
/ / /

-1-    C-07-05592 MHP
Memorandum of Points and Authorities in Support
of Motion to Transfer Venue

S007801

## II.

## FACTUAL BACKGROUND

Benigno Bacolores was hired at the Hotel on April 3, 1987, and worked there until he voluntarily terminated on June 22, 2007. (Declaration of Samantha Walder, ¶ 2.) He worked the entire time in various capacities in the kitchen. Four Seasons is informed and believes that throughout his tenure working at the Hotel, Mr. Bacolores lived in or around the Los Angeles area and, according to the allegations in the Complaint, still does. (Walder Decl., ¶ 3; Complaint, ¶ 7.) Mr. Bacolores was never an employee of Four Seasons. Rather, Mr. Bacolores was employed exclusively by FS Hotels (L.A.) Inc., a California corporation ("FS Hotels"). (Walder Decl., ¶ 2.) At all times pertinent to this litigation, FS Hotels has been the employer of all of the employees working at the Hotel. Moreover, FS Hotels does not employ anyone other than those people working at the Hotel. (Walder Decl., ¶ 4.)

Plaintiff commenced this lawsuit on September 21, 2007, in the Superior Court of California, County of San Francisco. (Declaration of Peter B. Maretz, ¶ 2.) Pled as a class action, the lawsuit alleges Plaintiff and the putative class members, consisting of Four Seasons employees, missed meal and rest breaks, and were forced to work "off the clock." The complaint seeks recovery of unpaid wages and penalties. (*Id.*)

On November 2, 2007, Four Seasons successfully removed the action to this Court. Subject matter jurisdiction is founded on diversity of citizenship under both 28 U.S.C. section 1332(a) and 28 U.S.C. section 1332(d) (the Class Action Fairness Act).

Insofar as Plaintiff lives in Los Angeles, he worked exclusively in Los Angeles, his employer is located in Los Angeles, the records pertaining to his employment are in Los Angeles, and the witnesses likely to figure prominently in the litigation reside in Los Angeles, Four Seasons now moves to transfer venue of this matter to the United States District Court, Central District of California.

S007801

-2-

C-07-05592 MHP
Memorandum of Points and Authorities in Support
of Motion to Transfer Venue

# III.

# ARGUMENT

**A.     The Court May Properly Transfer Venue in the Interest of Justice.**

In the interests of justice, a district court may transfer any civil matter to any other district or division where it may have been brought for the convenience of parties and witnesses. 28 U.S.C. section 1404(a). The purpose of section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witness and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack* (1964) 376 U.S. 612, 616 (internal citations and quotation omitted). A motion for transfer lies within the broad discretion of the district court, and must be determined on an individual basis. (*Jones v. GNC Franchising, Inc.* (9th Cir. 2000) 211 F. 3d 495, 498.)

To support a motion for transfer under 28 U.S.C. section 1404(a), the moving party must establish that the proposed transferee court is one in which the action could have been commenced originally. In other words, the transferee court must have subject matter jurisdiction over the claims; the defendants must be subject to personal jurisdiction in the transferee court; and venue is proper in the transferee court. (*Hoffman v. Blaski* (1960) 363 US 335, 343–344, 80 S.Ct. 1084, 1089–1090.)

Once it is established that the transferee court is one in which the action could have been brought, the court considers three broad factors in evaluating such a request: convenience of parties, convenience of witnesses, and interest of justice. (28 USC section 1404(a).) These factors are addressed to the inherent discretion of the court, and are interpreted broadly to allow the court to consider the particular facts of each case. (*Lopez Perez v. Hufstedler* (D DC 1980) 505 F.Supp. 39, 41; *E. & J. Gallo Winery v. F. & P. S.p.A.* (ED CA 1994) 899 F.Supp. 465, 466.)

/ / /

/ / /

/ / /

S007801                                       -3-          C-07-05592 MHP
Memorandum of Points and Authorities in Support
of Motion to Transfer Venue

1  Finally, in considering whether the interests of justice are being served, the court is to look
2  to the following factors: (a) Plaintiff's choice of forum; (b) convenience of the parties; (c)
3  convenience of the witnesses; (d) ease of access to the evidence; (e) familiarity of each forum with
4  the applicable law; (f) feasibility of consolidation with other claims; (g) any local interest in the
5  controversy; and (h) the relative court congestion and time of trial in each forum.  (*Williams v.*
6  *Bowman* 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).)

7

8  **B.     The Action Could have been Brought in the Central District Of California.**

9  Where federal subject matter jurisdiction is predicated solely on diversity of citizenship,
10 venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in
11 the same State, [or] (2) a judicial district in which a substantial part of the events or omissions
12 giving rise to the claim occurred." 28 U.S.C. section 1391 (a).  Further, "[f]or purposes of
13 venue… a defendant that is a corporation shall be deemed to reside in any judicial district in which
14 it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. section 1937
15 (c).

16

17 Here, Four Seasons is an Ontario, Canada corporation, with its principal place of business
18 in Toronto, Ontario, Canada.  Nevertheless, given that Plaintiff worked only at the Hotel in Los
19 Angeles, any and all wage and hour claims arose out of his employment with the Hotel in Los
20 Angeles.  As such, there is no question but that "a substantial part of the events or omissions
21 giving rise to the claim" occurred in Los Angeles.  Accordingly, venue is clearly proper in the
22 Central District of California pursuant to 28 U.S.C. section 1391.
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

S007801                                             -4-           C-07-05592 MHP
Memorandum of Points and Authorities in Support
of Motion to Transfer Venue

**C.   For The Convenience Of The Parties And Witnesses And In the Interests Of Justice, This Case Should Be Transferred To The Central District of California.**

### 1. Plaintiff's Choice Of Forum Should Not Be Given Deference

Typically, a plaintiff's choice of forum is afforded deference in a motion to transfer venue. However, plaintiff's choice of forum is given much less weight in ruling on a discretionary transfer motion where plaintiff has commenced the action in a forum that is not his or her residence. (*New Image, Inc. v. Travelers Indem. Co.* (ED PA 1981) 536 F.Supp. 58, 59; *Bryant v. ITT Corp.* (ND IL 1999) 48 F.Supp.2d 829, 832).)   In determining the weight to be accorded a plaintiff's choice of forum, consideration must also be given to the extent of the named party's contacts with the forum, including those relating to the plaintiff's cause of action.  If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, plaintiff's choice is entitled to only minimal consideration. (*Pacific Car & Foundry Co. v. Pence* (9th Cir. 1968) 403 F. 2d 949, 954.)

For no apparent rhyme or reason, Plaintiff opted to file this lawsuit in San Francisco.  He does not live there and, as far as this case is concerned, never worked there.  For the duration of his twenty year tenure with the Hotel, he resided in Los Angeles, and he lives there still.  For the times pertinent to this lawsuit, Plaintiff did not reside in San Francisco, nor did he work there.  He has no apparent connection to this jurisdiction.  Accordingly, the fact that Plaintiff selected this forum should be afforded little, if any weight.

### 2. The Convenience of the Witnesses Favors Transfer to the Central District

Courts have routinely held the convenience of the witnesses is the most important factor in section 1404 (a) analysis.  The Central District of California recently affirmed this proposition in the case of *Amini Innovation Corp. v. JS Imports, Inc.,* stating "[t]he convenience of witnesses is often the most important factor in determining whether a transfer pursuant to section 1404 is appropriate." (*Amini Innovation Corp. v. JS Imports, Inc.,* 497 F. Supp. 2d 1093, 1111, (C.D. Cal 2007); *see also Sale v. Titan Corp.,* 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005); *Florens*

S007801                                          -5-             C-07-05592 MHP
Memorandum of Points and Authorities in Support
of Motion to Transfer Venue

1  *Container v. Cho Yang Shipping* 245 F. Supp. 2d 1086, 1092 (N.D. Cal 2005); *Los Angeles
2  Memorial Coliseum Comm. v. Nat'l Football League,* 89 F.R.D. 497, 501 (C.D. Cal. 1981) ("The
3  convenience of witnesses is said to be the most important factor in passing on a transfer
4  motion.").)  In looking to the convenience of the witnesses, "courts look to who the witnesses are,
5  where they are located, what their testimony will be, and why such testimony is relevant."
6  (*Florens Container, supra,* 245 F. Supp. 2d at 1092-1093; *citing A.J. Industries, Inc. v. United
7  States District Court.,* 503 F.2d 384, 389 (9th Cir. 1974).)

The witnesses likely to figure prominently in this litigation include the following people:
- Samantha Walder, Director of Human Resources at the Hotel.  Ms. Walder lives and works in Los Angeles County.  (Walder Decl., ¶ 5.)  She is expected to testify regarding the policies and procedures at the Hotel regarding meal and rest breaks, and working off the clock.  Specifically, Ms. Walder is expected to testify that meal and rest breaks were provided to employees as a matter of practice and policy.  Moreover, Ms. Walder will testify regarding the strict prohibition at the Hotel against working off the clock.  (Maretz Decl., ¶ 5.)
- Elena Pikor, Director of Finance at the Hotel.  Ms. Pikor lives and works in Los Angeles County.  (Walder Decl., ¶ 6.)  She is expected to testify regarding the administration and maintenance of employee time and payroll records.  (Maretz Decl., ¶ 6.)
- Ashley James, Executive Chef at the Hotel.  Chef James lives and works in Los Angeles County.  (Walder Decl., ¶ 7.)  He was Mr. Bacolores's Division Head and is expected to testify regarding the practices and procedures within that Division for meal and rest breaks, and working off the clock.  (Maretz Decl., ¶ 7.)

In addition, it is anticipated that several of Mr. Bacolores's immediate supervisors, including current and former Sous Chefs at the Hotel will testify regarding the practices and procedures within that department with respect to employees being provided meal and rest breaks,

S007801                                      -6-                C-07-05592 MHP
Memorandum of Points and Authorities in Support
of Motion to Transfer Venue

1  and employees being prohibited from working off the clock.  (Maretz Decl., ¶ 8.)   Likewise,
2  insofar as this case is not limited to kitchen employees, it is anticipated that numerous managers,
3  supervisors and line employees, current and former, and from departments throughout the Hotel,
4  will testify on these same issues.  (Maretz Decl., ¶ 9.)   Virtually all of the current managers,
5  supervisors and line employees now live and work in Los Angeles County.  (Walder Decl., ¶ 8.)
6  As to former employees, with this litigation at its infant stages, it is impossible to indicate where
7  they live.  It is reasonable to assume, however, that most still live in Los Angeles, and if any do
8  live in San Francisco, it would be a scant few living there by mere happenstance.

10  Here, the trial of this case will undoubtedly involve the testimony of these numerous fact
11  witnesses residing and working in the Central District of California.  Should venue not be
12  transferred to the Central District of California, these witnesses would be forced to suffer the
13  inconvenience and hardship of traveling to Northern California to testify in this case.  These
14  witnesses would have to travel a significant distance, take time off of work, and be away from
15  their homes and families, only to be entitled a meager fee of $40 per day pursuant to 28 U.S.C.
16  section 1821.   It is clear, then, that in the interest of convenience to the probable witnesses in this
17  case, the Court should grant the instant motion and order this case transferred to the Central
18  District.

20  **3.    Convenience Of The Parties Favors Transfer To The Central District**
21  As is made clear above, there is no indication that the named Plaintiff in this action has any
22  tie to the Northern District of California.  Rather, his life appears to be centered on Los Angeles.
23  Moreover, the putative class members are current and former and employees of the Hotel.
24  Virtually all of the current employees live in Los Angeles County.  Again, as to former employees,
25  it is impossible to indicate at this stage of the litigation where all of them live, but it is reasonable
26  to conclude that most live within the boundaries of the Central District of California, making trial
27  in the Central District more convenient to the putative class.
28  / / /

S007801                                          -7-         C-07-05592 MHP
Memorandum of Points and Authorities in Support
of Motion to Transfer Venue

1   As for convenience to the Defendant, the majority of its witnesses will be from the Hotel in
2   Los Angeles.  (Maretz Decl., ¶ 10.)  It would be a tremendous expense, and a gross disruption to
3   the business of the Hotel to pull managers, supervisors, and line employees away from their jobs
4   and their families to travel to San Francisco to testify in this matter.  (Walder Decl., ¶ 10.)

6   Based on the foregoing, the convenience of the parties calls for transfer of venue to the
7   Central District.

### 4.  Ease Of Access To Evidence Calls for Transfer to the Central District

The location of relevant documents and the ease of access to sources of proof also weighs heavily in favor of transferring this action.  Because the Plaintiff and the putative class members are alleging failure to pay wages, provide meal periods and rest periods, and failure to provide wage statements the documents relevant to this complaint would include the Hotel employment agreements, wage statements, employment records, earning statements, timekeeping records, payroll records, and the like.  (Maretz Decl., ¶ 11.)   All of these records for employees of the Hotel are maintained at the Hotel in Los Angeles.  (Walder Decl., ¶ 10.)  At worst, older records are kept at off-site storage, but this would be in Los Angeles as well.  (Walder Decl., ¶ 11.)  Four Seasons is aware of no significant population of documents pertinent to these claims located within the boundaries of the Northern District of California.   (Walder Decl., ¶ 12.)

### IV.

### CONCLUSION

Save for Plaintiff's inexplicable choice to file this lawsuit in San Francisco, there is no factor that weighs at all in favor of this case being venued in the Northern District of California.  Rather, all pertinent factors point strongly toward transferring venue to the Central District of California.  A transfer of this action would clearly be in the interests of the numerous fact witnesses who reside in Southern California.  All the operative facts surrounding the sole named Plaintiff in this action occurred in the Central District.  Finally, critical sources of proof will be

S007801    -8-    C-07-05592 MHP
Memorandum of Points and Authorities in Support
of Motion to Transfer Venue

1  more readily available to the Court, the parties, and the jury if the trial is held in the Central
2  District. Accordingly, Defendant Four Seasons respectfully requests this Court grant the instant
3  motion to transfer venue in this action to the Central District of California.

5  DATED: November 9, 2007          SHEA STOKES, ALC

   By: /s/ Peter B. Maretz
   Arch Y Stokes
   Peter B. Maretz
   Victoria G. Puruganan
   Attorneys for Four Seasons Hotels Limited, a
   Canadian company

-9-    C-07-05592 MHP
Memorandum of Points and Authorities in Support
of Motion to Transfer Venue